UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Tyrone Doutherd,

Plaintiff,

v.

United Parcel Service Freight, et al.,

Defendants.

No. 2:21-cv-00780-KJM-JDP

ORDER

Plaintiff Tyrone Doutherd filed this action in Yolo County Superior Court in February 2021. Compl., Not. of Removal Ex. A, ECF No. 1. In April 2021, defendants United Parcel Service (UPS), UPS Ground Freight, Inc., Sarah Cutshaw and Reid Roy removed the complaint alleging this court had federal question and supplemental jurisdiction over plaintiff's claims.[1] Plaintiff then filed objections to this court's exercise of subject matter jurisdiction, which this court construed as a motion for remand. Pl. Obj., ECF No. 11; Min. Order (Oct. 8, 2021), ECF No. 25. Defendants also filed motions to dismiss. Mot. to Dismiss, ECF Nos. 6, 9. This court does not have federal question jurisdiction over the case, thus the court **remands** this action to state court and **moots** defendants' motions to dismiss.

[1] According to an attorney declaration filed with the defendants' notice of removal, individual defendants Gabriela Estrada, Shaquita [sic] Andrews, and James Anderson have not been served in this action. Att'y Emily Burkhardt Vicente ¶ 6, ECF No. 1-1.

## I. FACTUAL BACKGROUND

Plaintiff's complaint is convoluted, disorganized, and its allegations and claims are difficult to discern. In eighty-two paragraphs, the complaint spans events that occurred over five years, references a litany of events already litigated in a prior suit, is organized neither by chronology nor category, and omits many references to statutes or legal authority as grounds for suit. *See, e.g.,* Compl. ¶¶ 18–23 (covering events from 2015 to 2020, alleging plaintiff complained about "three workplace injuries" with no prior explanation of what all three injuries were, discussing a "June 7, 2018" accident as the time when plaintiff stopped working and then discussing his "2020 damage allegations"). The court construes plaintiff's allegations to the best of its ability as follows, while also referencing the procedural history of the related case, *Doutherd v. Montesdeoca, et al.,* No. 2:17-cv-02225-KJM-JDP (E.D. Cal removed Oct. 24, 2017) (hereafter *Doutherd I*).[2]

In 2015, Mr. Doutherd was injured during a motor vehicle accident while driving for his employer, defendant UPSF. Compl. ¶ 18. Following his 2015 injury, Mr. Doutherd sued his employer and others in state court in August 2017. *Id.* Defendants in *Doutherd I* removed the action to this court in October 2017. *Doutherd* I Notice Of Removal, ECF No. 1. In *Doutherd I*, plaintiff made claims arising out of the 2015 motor vehicle accident, as well as claims for discrimination, harassment, retaliation, fraud, negligence and OSHA violations, arising otherwise from plaintiff's employment with UPSF. *See generally Doutherd I* Compl, Notice of Removal Ex. A, ECF No. 1-1.

In September 2018, plaintiff's counsel filed a first amended complaint in *Doutherd I* which included allegations of retaliation and race-based discrimination that occurred in 2017 and 2018. *Doutherd I* First Am. Compl., ECF No. 33 UPSF moved to strike portions of plaintiff's First Amended Complaint, *Doutherd I* Mot. to Strike at 1–2, ECF No. 36, and the prior district judge granted that motion in full, *Doutherd I* Order (March 22, 2019) at 9, ECF No. 96 (striking

[2] The court takes judicial notice of the prior proceeding under Federal Rule of Evidence 201, as *Doutherd I* is a matter "of public record [and] the facts are not 'subject to a reasonable dispute.'" *Vasserman v. Henry Mayo Newhall Mem'l Hosp.,* 65 F. Supp. 3d 932, 942 (C.D. Cal. 2014)

among others paragraphs 80–86 and paragraphs 88–110, which included allegations of retaliation and race-based discrimination). The judge ordered plaintiff to either obtain UPSF's written consent or the court's leave if he sought to amend his claims against UPSF. *Id.* at 9. Plaintiff pursued the latter course but the judge denied the motion to amend, finding plaintiff did not demonstrate good cause and that granting leave to amend would prejudice defendant. *See generally Doutherd I* Mot. to Am., ECF No. 101; *Doutherd I* Order (Nov. 19, 2019), ECF No. 122. Specifically, the judge stated the plaintiff was "not diligent in asserting his new allegations contained in the proposed [second amended complaint]" as "[p]laintiff knew the alleged facts prior to filing his [first amended complaint]," given that "[m]ost of the facts occurred in 2017 and were known . . . before discovery concluded in December 2018." *Id.* at 7. Later, after the case was reassigned to this judge, the court granted summary judgment for defendants on all claims except for the race-discrimination claim. *Doutherd 1* Order (Oct. 13, 2020), ECF No. 160. The court then granted judgment on the pleadings on the race discrimination claim in May 2021. *Doutherd I* Order (May 4, 2021), ECF No. 184.

Plaintiff filed this action in state court in February 2021. *See Tyrone Doutherd v. United Parcel Service Freight,* No. 2021-0297 (Yolo Cty. filed Feb. 22, 2021). In it, plaintiff alleges eight claims: (1) Wrongful/Constructive Termination, (2) Racial Discrimination by UPSF, (3) Fraud by Employer UPSF (Concealment and Misrepresentation), (4) Employment Discrimination by UPSF/Harassment and Retaliation, (5) Additional Specific Acts of Employment Discrimination by UPSF/Harassment and Retaliation After Filing 2017 Complaint, (6) Employment Discrimination, Lack of Accommodation by UPSF, (7) Medical Discrimination and Retaliation Claims/Employer Negligence, and (8) Violations of State Statutes by UPSF and UPS.

According to this complaint, plaintiff submitted a new complaint to the Department of Fair Employment and Housing (DFEH) in March 2020, received a right to sue letter in October 2020, and is now suing under this DFEH letter for "serious intervening events and continuing acts of retaliation" he says have persisted since April 2017. Compl. ¶ 19. Plaintiff alleges he suffered a variety of harms following his constructive termination. He alleges that "despite his repeated

requests, plaintiff cannot access his 401(k) proceeds." *Id.* ¶ 23.A. He was provided "sham job invites" and human resource representatives threatened him with "termination" if he did not accept one of the improper jobs offered him. *Id.* ¶ 23.B–C. However, plaintiff had "already been terminated." *Id.* ¶ 23.C.

In support of these allegations, plaintiff also alleges "he had no work assignment, was paid no salary, received no benefits, and was not permitted to obtain a timely physical to allow him to renew his" driver's license. *Id.* ¶ 26. He also received "no medical coverage since the summer of 2018" despite the fact his employer "pays for this coverage for full time employees." *Id.* ¶ 23.D. He also alleges that UPSF interfered with his ability to receive unemployment benefits. *Id.* ¶¶ 26, 34, 54.

Defendants removed this action from state court in April 2021 alleging the court had federal question jurisdiction over claims based on the American with Disabilities Act (ADA), Employee Retirement Income Security Act (ERISA), and the Labor Management Relations Act (LMRA). Not. of Removal at 2–5. Plaintiff filed objections to removal in an improperly noticed document. Pl. Obj. As noted, the court construed the objections as a motion to remand, Min. Order (Oct. 8, 2021), and provided defendants an opportunity to respond, which defendants elected to do. Remand Opp'n, ECF No. 26.

As it must, the court first addresses whether it has jurisdiction to resolve any matter in this case.

## II. LEGAL STANDARD - JURISDICTION

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a matter to federal court if the district court would have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "The strong

/////

presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

District courts assess removals based on federal question jurisdiction, as here, under the well-pleaded complaint rule. *Id.* A well-pleaded complaint must present a federal question on the face of the plaintiff's complaint. *Caterpillar, Inc.*, 482 U.S. at 398–99. Generally, removal is improper when it is grounded in a federal defense. *Id.* at 399. "Notwithstanding this rule, when a federal statute wholly displaces state law and provides the exclusive cause of action for a plaintiff's requested relief, we must 'recharacterize a state law complaint . . . as an action arising under federal law.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.,* 761 F.3d 1027, 1034 (9th Cir. 2014). Federal question jurisdiction thus exists when a federal law "completely preempts" a state cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 24 (1983).

## III. ANALYSIS

Defendants argue this court has jurisdiction over plaintiff's complaint as it asserts claims under the ADA and seeks damages for an alleged denial of medical and 401(k) benefits, claims that are preempted under ERISA and section 301 of the LMRA. Opp'n at 1.

### A. ADA

However construed, plaintiff's complaint does not affirmatively allege a claim under the ADA. Plaintiff references the ADA only once in his complaint. In the fourth claim, which he titles "employment discrimination by UPS Freight harassment and retaliation," plaintiff states he was "retaliated against by his employer based on race, whistleblower activities, and making civil rights claims." Compl. ¶ 49. In support of this claim, he alleges he was "discriminated against for reporting violations of the ADA." *Id.* ¶ 51. This single reference is insufficient to confer federal question jurisdiction on this court. Defendants argue the "variety of allegations relating to disability discrimination and retaliation" imply that this claim is brought under the ADA. Remand Opp'n at 3. However, there are state causes of action that prohibit discrimination and retaliation on the basis of disability, and thus the mere reference to a federal statute in a claim does not inevitably convert the pleading to a federal claim. *See Merrell Dow Pharms. Inc. v.*

*Thompson*, 478 U.S. 804, 808, 817 (1986). If plaintiff is attempting to plead a state law claim that incorporates the ADA as an element, this also does not confer federal jurisdiction. *Rutherford v. La Jolla Riviera Apartment House LLC*, No. 19-1349, 2019 WL 6125255, at *2–*4 (S.D. Cal. Nov. 19, 2019) (collecting cases where district courts rejected subject matter jurisdiction based on California state Unruh Act claims which require a violation of the ADA). While plaintiff does not state that he is suing under the Unruh Act, he also does not state he is suing under the ADA. A federal question under the ADA is not presented clearly "on the face of the plaintiff's complaint" and therefore the court may not read one into it. *See Caterpillar, Inc.*, 482 U.S. at 398–99.

**B. ERISA**

Plaintiff also does not affirmatively allege an ERISA claim but does allege he was retaliated against by his employer by virtue of its withholding his 401(k) benefits and medical coverage. Under the first cause of action entitled "wrongful/constructive termination" plaintiff alleges defendants wrongfully withheld his 401(k) benefits. Compl. ¶ 26. In his fifth claim, titled "additional specific acts of employment discrimination by UPSF; harassment and retaliation after filing 2017 complaint," he alleges UPSF is improperly "withholding release of any funds in his 401(k) plan." *Id.* ¶ 54.

Section 510 of ERISA makes it unlawful for "any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. Section 514 of ERISA provides for preemption of state law claims that seek a remedy for violations of rights guaranteed by ERISA. *Id.* § 1144.

A state law claim may be subject to "complete preemption" or "conflict preemption" under ERISA. *Washington v. AT & T Corp.*, No. C 10-03751, 2011 WL 233004, at *3 (N.D. Cal. Jan. 24, 2011). Conflict preemption, relevant to this case, exists where a state-law cause of action "relate[s] to" an ERISA benefit plan. *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 949 (9th Cir. 2009). The "relates to" inquiry turns on whether the state law claim

at issue has reference to an ERISA plan or if the claim has a connection with an ERISA plan. *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1081 (9th Cir. 2009). Put another way, "[a] state law claim relates to an ERISA plan if it has a connection with or a reference to it, such that the existence of an ERISA plan is a critical factor in establishing liability under a state cause of action." *Edwards v. Lockheed Martin Corp*., 617 F. App'x 648, 650 (9th Cir. 2015) (internal quotations omitted). "A state claim references an ERISA plan if it acts immediately and exclusively upon ERISA plans or the existence of ERISA plans is essential to the [claim's] operation." *Id.*

In determining whether ERISA preempts a state law cause of action, the Ninth Circuit looks to "the employer's alleged motivation in terminating the employee." *Campbell v. Aerospace Corp*., 123 F.3d 1308, 1312 (9th Cir.1997). "[When] the loss of ERISA benefits [i]s a result of rather than a motivation for a wrongful discharge, there [i]s no cause of action under ERISA." *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 974 (9th Cir. 1993). To be preempted by ERISA, the employer must terminate an employee in order to "destroy[] the employee's benefits." *See Campbell,* 123 F.3d at 1313.

Here, construing plaintiff's claims liberally, plaintiff does not allege his employers constructively terminated him in order to deny him his benefits. Instead, he alleges the withholding of funds in his 401(k) plan evidences discrimination and retaliation or demonstrates he was constructively terminated. Compl. ¶ 26 (UPSF "has withheld all the features that are required to be provided to terminated employees, such as . . . his 401(k) fund); *id.* ¶ 54 ("UPSF retaliated against plaintiff . . . by . . . withholding release of any funds in his 401(k) plan."). In particular, the complaint does not allege he was terminated by virtue of defendants' desire to avoid paying 401(k) benefits. *See Hoeft v. Time Warner Cable, Inc.,* No. 1800293, 2018 WL 2078814, at *7–8 (C.D. Cal. May 2, 2018) (no ERISA preemption when plaintiff cites to delay of certain benefits as "one of several examples of [defendant's] discriminatory" conduct). Therefore, his first, third, and fifth claims that reference his 401(k) plan do not support federal jurisdiction.

/////

**C. LMRA**

Finally, defendants contend this court can properly exercise jurisdiction because plaintiff's claims are preempted by the LMRA. Section 301 of the LMRA, similar to ERISA, is the source of another "extraordinary pre-emptive power" that "'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.,* 913 F.3d 1146, 1152 (9th Cir. 2019) (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis,* 913 F.3d at 1151. Thus, a civil complaint asserting claims preempted by section 301 of the LMRA "raises a federal question that can be removed to a federal court." *Id.* at 1152.

Section 301 may not be read so broadly, however, as to "pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). For courts assessing the bounds of Section 301 preemption, the Ninth Circuit prescribes a two-part test. *Id.* at 1152–53. First, courts ask whether a "right exists solely as a result of the CBA," or collective bargaining agreement. *Id.* at 1152 (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). If yes, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, courts must ask "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations omitted). A court typically applies the *Burnside* preemption analysis to each discreet claim. *See Sykes v. F.D. Thomas, Inc.*, No. 20-03616, 2021 U.S. Dist. LEXIS 19763, at *3 (N.D. Cal. Feb. 2, 2021) ("each of the alleged Labor Code violations must be analyzed individually under the Ninth Circuit's two-step test for complete preemption as set out in Burnside").

Plaintiff references the CBA once in the fact section of his complaint. Compl. ¶ 23.C ("leaving plaintiff to the protection of a toothless and ineffective CBA . . ."). However,

defendants argue generally that plaintiff's state law claims of fraud and wrongful/constructive termination -- the first and third claims --, as well as his claims related to deprivation of medical benefits -- woven throughout numerous claims --, are preempted by the LMRA. Remand Opp'n at 10. Defendants do not go through the *Burnside* preemption analysis with respect to each claim. Defendants instead argue that whether plaintiff's medical insurance benefits were improperly cancelled, and whether he was improperly found to be medically unqualified to drive, and under what conditions plaintiff could return to work, all are dependent on the CBA. Remand Opp'n 12–13. According to defendants, article 25 of plaintiff's CBA sets out the benefit plans for which union employees are eligible and dictates "how long the employer must continue employer contributions if an employee is injured." Not. of Removal ¶ 26; CBA Excerpts, Remand Opp'n Ex. 1, ECF No. 26-2. Therefore, defendants conclude, plaintiff's claims are preempted by § 301 of the LMRA.

However, "[c]auses of action that only tangentially involv[e] a provision of a collective-bargaining agreement are not preempted by section 301." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007). Here, plaintiff is arguing the denial of medical benefits is an aspect of the discrimination and retaliation he faced at the hands of the employer. While the court "will have to refer to the [benefits] provision of the collective bargaining agreement," whether plaintiff was discriminated against does "not depend on interpretation of the collective bargaining agreement." *Id.* As plaintiff's rights are not dependent on the CBA and the state law claims do not require substantive interpretation of the CBA, defendants do not carry their burden in "overcoming the 'strong presumption against removal jurisdiction.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

As this court does not have subject matter jurisdiction over this action, the court will remand the case to Yolo County Superior Court. That court is the one to consider whether some or all of plaintiff's claims are barred by the doctrine of *res judicata.*

/////

/////

## IV. CONCLUSION

The court **remands** the action to Yolo County Superior Court. This order resolves ECF No. 11. The motions to dismiss at ECF No. 6 and ECF No. 9 are **moot.**

IT IS SO ORDERED.

DATED: November 1, 2021.

CHIEF UNITED STATES DISTRICT JUDGE